# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## APRIL 1998 SESSION



FILED

June 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **NO. 02C01-9707-CC-00267** |
| Appellee, | ) | |
| | ) | **DECATUR COUNTY** |
| **VS.** | ) | |
| | ) | **HON. C. CREED McGINLEY,** |
| **WILLIAM WAYLON JACKSON,** | ) | **JUDGE** |
| **a.k.a. BILL JACKSON,** | ) | |
| | ) | (Sale of Marijuana) |
| Appellant. | ) | |

**FOR THE APPELLANT:**

**KATHLEEN L. CALDWELL**
Taylor, Halliburton, Ledbetter &
Caldwell
44 N. Second Street, Suite 200
Memphis, TN 38103-2220

**JOSEPH L. PATTERSON**
**(Trial Only)**
225 W. Baltimore Street
Jackson, TN 38301-6137

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**G. ROBERT RADFORD**
District Attorney General

**JOHN W. OVERTON, JR.**
Assistant District Attorney General
P.O. Box 484
Savannah, TN 38372-0484

**JERRY W. WALLACE**
Assistant District Attorney General
P.O. Box 637
Parsons, TN 38363-0637

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, William Waylon Jackson, was convicted by a Decatur County jury of three (3) counts of the sale of marijuana over one-half (½) ounce, Class E felonies. The trial court sentenced him as a Range II offender to concurrent terms of three (3) years for each count and denied alternative sentencing. On appeal, defendant contends that the trial court erred in denying his motion to dismiss the indictment as it violated the mandatory joinder provision of Tenn. R. Crim. P. 8(a). He further argues that the trial court imposed excessive sentences and improperly denied alternative sentencing. We affirm the judgment of the trial court.

**FACTS**

Although defendant does not challenge the sufficiency of the convicting evidence, a brief summary of the relevant facts is appropriate. In the fall of 1995, Gary Azbill was working with the Criminal Investigation Division of the Tennessee Highway Patrol. Jerry Maness, who had criminal charges pending at that time, was assisting Azbill in making undercover purchases of stolen goods and vehicles. Maness and defendant had been acquainted for a number of years, and Maness learned that defendant was involved in the sale of marijuana. At Azbill's request, Maness contacted defendant to "set up a buy."

On three separate occasions, defendant sold Azbill and/or Maness one-quarter (1/4) of a pound of marijuana for $550. All of the sales occurred at Maness' residence in Decatur County. On two of the occasions, Azbill was able to make an audio tape of the transaction.[1] Azbill was present during the first two sales and monitored the third through an audio transmission.[2]

---

[1] Azbill was not able to record the first sale because the recording device was inadvertently turned off.

[2] On the third occasion, defendant would not sell to Azbill for fear of being caught by the police. Apparently, defendant heard a rumor that the law enforcement authorities "were trying to bust a school teacher for selling marijuana." At the time of his arrest, defendant was an elementary school teacher. Azbill testified at trial that he was hiding in

2

Defendant presented an entrapment defense at trial. He testified that in the spring of 1995, Maness approached several people, including himself, and "propositioned" them to grow some marijuana plants. No one accepted Maness' offer, and Maness began pressuring defendant to grow the plants. Maness persisted for some time, and defendant finally agreed.

Defendant testified that he planted the marijuana on the side of a road several miles from his property, but took no further action to cultivate the plants' growth. Although defendant admittedly picked the marijuana, dried it, packaged it and eventually delivered it to Maness, he claimed that he did so only at Maness' request. He denied selling the marijuana to Maness or Azbill and claimed that he never received money from either of them.

Marty Stewart also testified for the defense at trial. He stated that he was present when Maness "propositioned" several people to grow the marijuana.

In defendant's first trial, the jury was not able to reach a verdict. Defendant was then re-indicted and convicted of three (3) counts of the sale of marijuana over one-half (½) ounce. He was sentenced as a Range II offender to concurrent terms of three (3) years for each count. The trial court denied alternative sentencing. From his convictions and sentences, defendant now brings this appeal.

## MANDATORY JOINDER

In his first issue, defendant argues that the state violated Tenn. R. Crim. P. 8(a) by failing to join the delivery of marijuana counts with the sale of marijuana counts in the first indictment. He contends that he was initially charged in Indictment No. 411 with three (3) counts of selling marijuana. Following the mistrial, the state re-indicted him with three (3) counts of delivering and three (3) counts of selling marijuana. Defendant maintains that the delivery counts were not included in the original indictment. Because these offenses arose out of the same conduct,

---

Maness' garage during the the third transaction and was able to see much of what transpired during that particular sale.

3

he insists that the state was required to join the delivery counts in the prior indictment. Therefore, he asserts that the trial court should have granted his motion to dismiss the subsequent indictment.

We initially note that defendant has failed to include the prior indictment, Indictment No. 411, as part of the record on appeal. It is the appellant's duty to have prepared an adequate record in order to allow a meaningful review on appeal. Tenn. R. App. P. 24; State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Carey, 914 S.W.2d 93, 97 (Tenn. Crim. App. 1995); State v. Goodwin, 909 S.W.2d 35, 43 (Tenn. Crim. App. 1995); State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). When no evidence is preserved in the record for review, we are precluded from considering the issue. State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). This Court is not at liberty to speculate as to what charges were contained in the previous indictment. Therefore, the issue is waived.

Furthermore, this issue was not included in the motion for new trial. The issue is waived for this reason as well. Tenn. R. App. P. 3(e); *see* State v. Walker, 910 S.W.2d 381, 386 (Tenn. 1995).

Moreover, we consider any possible error to be harmless, at best. Defendant complains of the additional counts of the indictment charging him with the delivery of marijuana. However, defendant was convicted of the sale of marijuana. He concedes that the selling counts were included in the original indictment. Therefore, defendant was not prejudiced by this alleged error.

This issue is without merit.

## LENGTH OF SENTENCE

In his next issue, defendant claims that the trial court imposed excessive sentences. More specifically, he argues that the trial court misapplied one enhancement factor and failed to apply two mitigating factors.

**A.**

4

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo.* State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range.

Tenn. Code Ann. § 40-35-210(d); *see* <u>Manning v. State</u>, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

**B.**

Defendant was convicted of three (3) counts of the sale of marijuana, Class E felonies. This offense carried a range of punishment of two (2) to four (4) years for a Range II, Multiple Offender. In imposing defendant's sentence, the trial court found as an enhancement factor that defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114(8). Defendant proposed two mitigating factors, (1) that defendant's conduct neither caused nor threatened serious bodily injury, Tenn. Code Ann. § 40-35-113(1); and (2) that he was "enticed" into growing the marijuana, Tenn. Code Ann. § 40-35-113(13). The trial court rejected these factors and found that no other mitigating factors were applicable. The trial court then imposed concurrent sentences of three (3) years for each conviction.

**C.**

Defendant argues that the trial court erroneously found that he had a previous unwillingness to comply with the conditions of a sentence involving release into the community. Tenn. Code Ann. § 40-35-114(8). The pre-sentence report reveals that defendant was placed on four (4) years probation following a robbery conviction in Alabama in 1981. Approximately three (3) years later, his probation was revoked as a result of a subsequent conviction. The trial court properly applied this enhancement factor.

**D.**

Defendant also argues that the trial court should have applied mitigating factor number 1, that his conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1). Assuming the trial court should have found this factor applicable, this factor is entitled to little weight. <u>State v. Hoyt Edward Carroll</u>, C.C.A. No. 03C01-9607-CC-00254, Hawkins County (Tenn. Crim. App. filed August 12, 1997, at Knoxville).

**E.**

Defendant further claims that the trial court should have applied as a mitigating factor Tenn. Code Ann. § 40-35-113(13), "[a]ny other factor consistent with the purposes of this chapter." He claims that the trial court should have considered that he was "entrapped" as a mitigating factor.

Defendant testified at trial that Maness pressured him into growing the marijuana plants. He claimed that he was not "selling" the marijuana to Maness or Azbill and never received any money. However, he acknowledged that he picked the marijuana, dried it, packaged it, and delivered it to Maness.

Azbill testified that he observed the transactions and on one occasion actually placed the money in defendant's hands. Furthermore, the audio tapes of the transactions do not support defendant's entrapment theory and actually show defendant's familiarity with marijuana.[3] Moreover, the jury chose not to accept the entrapment defense as evidenced by the guilty verdicts.

The trial court rejected the defense at sentencing and refused to consider it in mitigation. Under the circumstances, we find that the trial court properly declined to apply the entrapment defense as a mitigating factor under Tenn. Code Ann. § 40-35-113(13).

### F.

We find that the trial court properly considered the sentencing principles and all relevant facts and circumstances. Although Tenn. Code Ann. § 40-35-113(1) should have been considered as a mitigating factor, it would be entitled to very little weight. The three (3) year Range II sentence for each conviction, which was one (1) year above the minimum, was proper.

This issue has no merit.

### ALTERNATIVE SENTENCING

---

[3] On one of the tapes, defendant tells Azbill that the package contains a lot of "shake," so defendant added extra marijuana. "Shake" was defined as the crumbled leaves in the bottom of the package which is considered to be the less desirable part of the marijuana. Defendant also referred to the marijuana as "my harvest" and told Maness that he was saving the seeds to plant the following year.

In his final issue, defendant contends that the trial court erred in denying alternative sentencing. He claims that he is statutorily presumed to be a favorable candidate for alternative sentencing because he was convicted of Class E felonies. He maintains that the state did not overcome this presumption; therefore, he is entitled to alternative sentencing.

**A.**

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). Because defendant was sentenced as a Range II offender, he is not statutorily entitled to a presumption that he is a favorable candidate for alternative sentencing.

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997).

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d at 438. The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

**B.**

In determining that defendant was not a proper candidate for alternative

8

sentencing, the trial court considered that defendant had two prior felony convictions. Measures less restrictive than confinement have proven unsuccessful for this defendant in that he had a previous probation revocation as a result of a subsequent conviction. Furthermore, the trial court found that defendant's testimony at trial and sentencing was less than candid. Lack of credibility is an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d at 306. Moreover, in light of the amount of money and quantity of marijuana involved in the sales, the trial court determined that alternative sentencing would depreciate the seriousness of the offenses committed.

### C.

The trial court properly considered the relevant facts and circumstances, as well as the sentencing principles. The trial court's findings are entitled to a presumption of correctness. We, therefore, will not disturb the trial court's denial of alternative sentencing.

This issue is without merit.

### CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**

9

_____
**WILLIAM M. BARKER, JUDGE**