STATE of Tennessee, Appellee,

v.

Jerry BLEDSOE, Appellant.

Court of Criminal Appeals of Tennessee.

Sept. 24, 1981.

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, David G. Ballard, Dist. Atty. Gen., Maryville, for appellee.

W. Phillip Reed, McCullough & Reed, Alcoa, for appellant.

## OPINION

O'BRIEN, Judge.

This appeal is from defendant's conviction in the Blount County Court for possession of cocaine with intent to sell for which he was sentenced to serve not less than four (4) years nor more than four (4) years in the penitentiary; for possession of marijuana, methaqualone, and oxycodone. He was sentenced to serve eleven months and twenty-nine days on each of the last judgments. All sentences were set to be served concurrently.

All of the issues raised on this appeal relate to defendant's conviction for the possession of cocaine.

We first consider the contention that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt of the offense of possession of cocaine.

On July 30, 1980 defendant was arrested by a police officer as he and an acquaintance were driving through the City of Maryville after having left an establishment known as the "Down Yonder Saloon". After a patdown search at the scene of the arrest they were placed in a police cruiser, with defendant in the seat behind the driver and the other person opposite, with their

hands shackled behind them. They were transported to the police station where defendant complained, as he was being removed from the vehicle, that he had been sitting on his hands and had cut his finger on his ring. The finger had been bleeding. Warrants were subsequently obtained for a search of his person and his automobile. Sometime later, after another trip in the police car from the police station to the Blount County Jail, the officers found, in close proximity to the blood spot on the seat, a small piece of white paper. This was described as a "sno seal" which, when folded into a packet, is commonly used for carrying cocaine or similar substances. Under the seat, directly beneath the area where the "sno seal" was found, they discovered a packet containing cocaine. A second packet was found a few inches directly behind the chair in which defendant had been sitting in the police station. He and the other man who had been arrested had been seated approximately five feet apart with their hands, still bound by handcuffs, behind them. During all the time they were seated in the office they were under surveillance by one or more officers. The second package found was similar in every respect to the one found in the police cruiser. There was other evidence which the jury could have considered as corroborating defendant's possession of cocaine with intent to sell, including a larger plastic bag containing two "sno seals" found in defendant's automobile. This plastic container had the notation printed on its face that it originally contained thirty of the lesser sized paper packets. In defendant's testimony he expressed a knowledge and familiarity with the use and purpose of the "sno seals". He offered an explanation for their possession. With this evidence the jury was justified in finding that defendant was in possession of the cocaine at the time of his arrest.

■ We find this true as it pertains to finding defendant guilty of the intent to sell or deliver cocaine. Defendant refers particularly to T.C.A. § 52–1432(2) regarding the inference which a jury may consider relative to the amount of controlled substance possessed by an offender, along with relevant facts surrounding the arrest, on the issue of whether or not a controlled substance was possessed for the purpose of selling, etc. The statute is clear that the circumstances and relevant facts surrounding the arrest carry as much weight as the amount of controlled substance possessed by an offender in authorizing the jury to draw the inference of his intent. Defendant had in his possession an envelope or container in which there were only two remaining of the thirty "sno seals" which it originally contained. Another individual "sno seal" packet was found beneath where he was sitting in the police car. This coupled with his knowledge and familiarity with the use of these articles were certainly matters which the jury could consider in drawing the inference.

Defendant denies any knowledge of the cocaine found in the police station, or the cruiser. It was the function of the jury, as the trier of fact in this case, to resolve the conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts in evidence. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). T.R.A.P. Rule 13(e), requires that findings of guilt in criminal actions shall be set aside on appellate review if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt. In *Jackson*, supra, the United States Supreme Court made it clear that once a defendant has been found guilty of the crime charged at the trial level, upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution and the inquiry by the reviewing court is not to ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt but whether, after reviewing the evidence on that basis, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. There is no question that criteria has been met in this case.

Defendant says it was error to allow the State to ask questions of a defense witness about her past use and knowledge of drugs.

A young lady named Robin Carver was the first witness called by the defense. She testified that she was at the "Down Yonder Saloon", prior to defendant's arrest, and that she had joined the person who was with defendant at the time of his arrest in using cocaine within about an hour before the arrest occurred. On cross-examination she was asked if she had used cocaine at any time on any previous occasion. An objection to this question was overruled. Upon inquiry she expressed her familiarity with cocaine obtainable on the street, and other various drugs. She responded in generalities, with a comment, "uh, everybody is, yeh." There is no reason apparent in the record to sustain this line of inquiry of the witness, and our case law indicates that the questions were improperly asked. In *State v. Morgan*, 541 S.W.2d 385, (Tenn.1976), our Supreme Court spelled out when and how specific instances of prior conduct of a witness may be introduced for the purpose of attacking or supporting his credibility. The rule was violated in this case. The State insists the evidence was admissible to show the expertise of the witness. We do not find any validity to this argument. If the evidence had been admissible under any circumstances, in *Morgan* the court specifically held that where a witness is to be cross-examined as to specific instances of conduct, the judge must first conduct a jury-out hearing for the purpose of determining if the probative value of such evidence outweighs its prejudicial effect. We are, however, satisfied that the cross-examination of the witness, as it was done in this case, was harmless error, and there was no prejudice to defendant. We do not find that the error effected the judgment or resulted in prejudice to the judicial process. T.R.A.P. Rule 36(b).

Defendant complains about improper final argument by the State containing an inaccurate statement which was outside of the record.

The explicit statement set forth in defendant's brief is, "I submit to you ladies and gentlemen of the jury somebody that tried to take a hundred percent cocaine would be dead." Objection was made to the remark and sustained by the trial judge. We have examined the record and find that although this explicit statement did not conform to evidence heard by the jury, it was taken out of context from a larger statement relative to the percentage of cocaine in the packets which were offered in evidence. The remarks were made in response to argument of defense counsel relative to the percentage of cocaine contained in the packets. It was fair argument and we find no error.

The judgment of the trial court is affirmed.

DAUGHTREY, J., and JOHN TEMPLETON, Special Judge, concur.