# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### July 2000 Session

## STATE OF TENNESSEE v. ADARRYL DEVON BROOKS

**Appeal from the Circuit Court for Obion County**
**Nos. 8-171 and 8-335     William B. Acree, Judge**

---

### No. W1999-00632-CCA-R3-CO - Filed January 9, 2001

---

Defendant appeals as of right his jury conviction of possession of 0.5 grams or more of cocaine with intent to sell and criminal impersonation. He raises two issues: (1) that the evidence was insufficient to support a conviction for possession of a controlled substance with intent to sell; and (2) that the trial court erred in denying his motion to suppress his statements, and permitting introduction of those statements at trial. We affirm the judgment of the trial court.

### T. R. A. P. 3 Appeal as of Right; Judgment of the Circuit Court AFFIRMED.

CORNELIA A. CLARK, SP. J., delivered the opinion of the court, in which DAVID H. WELLES, J. and ALAN E. GLENN, J., joined.

Steve McEwen and Joseph P. Atnip, District Public Defender, and Kevin McAlpin, Assistant District Public Defender, for the appellant, Adarryl Devon Brooks.

Paul G. Summers, Attorney General, Kim R. Helper, Assistant Attorney General, Thomas A. Thomas, District Attorney General, and James T. Cannon, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On March 14, 1998, Union City police officers Karl Jackson, Lee Dearmitt, and Kevin Griffin were on bicycle patrol when they observed a Suburban vehicle driven by a person they believed to be André Goss, who the officers knew to have outstanding warrants against him. Officer Jackson approached the driver's side of the vehicle and identified Goss, whom he knew, as the driver. Defendant Adarryl Devon Brooks was the front seat passenger in the vehicle. However, he identified himself to Officer Griffin as Charlie McBride, Jr. A third male was in the back seat of the vehicle. Other officers on patrol also approached.

Officer Lee Dearmitt asked for permission to search the vehicle, and Goss, who denied his identity, granted permission. Dearmitt found a fully loaded .357 revolver underneath the middle of

the front bench seat. Goss and the defendant were placed under arrest. During this process, Officer Jackson noticed Goss with his hands clenched. He reached for Goss and a struggle ensued. During the struggle a rock of crack cocaine fell out of Goss's hand. The rock of cocaine totaled 6.8 grams in weight. Additional cocaine was found in the driver's side door pocket, and marijuana was found in the ashtray.[1] The backseat passenger was also initially handcuffed, but was ultimately released before the other two men were transported to the police station.

At the station, Officer Kevin Griffin was assigned to do the paperwork on the case. The defendant continued to identify himself as Charlie McBride, Jr., and volunteered to give a statement. Officer Griffin testified that he advised defendant of his rights by reading from a printed statement form. The defendant then handwrote a statement acknowledging that he had "laid the dope on the seat" but that he was not aware of the existence of a gun. He signed the statement "Charlie McBride, Jr.". Later he asked to make a second statement. According to Officer Griffin, he readvised defendant of his rights prior to the making of a second statement[2]. This time, defendant claimed that he had not possessed any drugs, weapons or money. He claimed the drugs had belonged to another passenger, who merely asked him to hold them when she got out of the car just before the police arrived. He also signed the statement "Charlie McBride, Jr.".

Defendant Brooks was indicted on one count of possession of more than 0.5 grams of cocaine with intent to sell or deliver, a Class B felony, one count of unlawful possession of a weapon, and one count of criminal impersonation. Because he did not appear for his arraignment, he was also later charged with failure to appear. He filed a motion to suppress the two statements he gave police.

The defendant admitted at the suppression hearing that he gave both statements, but claimed that he was not advised of his rights on either occasion. He contended that the officers cursed at him and forced him to sign the statements. He also claimed to be intoxicated at the time of his arrest. As to the differences between the statements, defendant testified that at first he thought he would take the blame, but then he changed his mind. He said that his co-defendant, André Goss told him to use the name Charlie McBride, and also told him that he would be paid for taking the blame for the offense, under this false name. He intended to bond out of jail and then "disappear".

The trial court denied the motion to suppress. The defendant did not testify at trial.

---

[1] Only co-defendant Goss was charged with possession of the marijuana and the cocaine found in the driver's side door pocket. After a separate jury trial he was found guilty of (1) possession of cocaine with intent to sell or deliver, (2) simple possession of marijuana, and (3) resisting arrest. He was acquitted of the charge of unlawful possession of a weapon.

[2] At trial, Officer Griffin was not asked about the process by which he advised defendant of his right against self-incrimination. He was asked these questions during the earlier suppression hearing.

The defendant was convicted of possession of more than 0.5 grams of cocaine with intent to sell, criminal impersonation, and failure to appear.[3] The jury was unable to reach a unanimous verdict on the charge of unlawful possession of a weapon, and the court entered a judgment of acquittal on that count.

When a defendant challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this court reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in the testimony in favor of the state. *See State v. Cazes*, 875 S.W. 2d 253, 259 (Tenn. 1994).

To convict a defendant of the Class B felony of possession of cocaine with intent to sell, the state is required to prove (1) that the defendant knowingly possessed cocaine in excess of 0.5 grams and (2) that the defendant's possession was for the purpose of sale. Tenn. Code Ann. §39-17-419(a)(4) and (c)(1). A conviction may be based upon either actual or constructive possession. *State v. Brown*, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991). In *State v. Transou*, 928 S.W.2d 949, 955-956 (Tenn. Crim. App. 1996) (citations omitted), this court addressed the meaning of the term "possession" in both the context of Tenn. Code Ann. §39-17-417 and Tenn. Code Ann. §39-17-425:

> "The term possession . . . embraces both actual and constructive possession . . . before a person can be found to constructively possess a drug, it must appear that the person has 'the power and the intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others.' . . . In other words, 'constructive possession is the ability to reduce an object to actual possession.' . . . The mere presence of a person in an area where drugs are discovered is not, alone, sufficient to support a finding that the person possessed the drugs. . . . Likewise, mere association with the person who does in fact control the drugs or property where the drugs are discovered is insufficient to support a finding that the person possessed the drugs."

In the present case, the cocaine in question was ultimately discovered in the possession of the driver of the car, André Goss, after he was asked to step out of the car he was driving. However, both the defendant and Goss had been traveling together in the front seat of the vehicle just prior to the time the officers asked to search it. The defendant in his first statement to police admitted that the cocaine was his, and that he had placed it on the seat of the car. In his second statement he admitted having the cocaine and placing it on the seat, but claimed it belonged to a passenger who

---

[3]On appeal, defendant does not challenge his conviction for failure to appear.

had left the vehicle before the police arrived. He said that she merely gave it to him to hold. Thus, whether the defendant "possessed" the contraband was a question of fact for the jury to determine. *See State v. Copeland*, 677 S.W.2d 471, 476 (Tenn. Crim. App. 1984). We believe that the evidence is sufficient for a rational trier of fact to find that the defendant constructively possessed the cocaine. *See State v. Boyd*, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995).

Pursuant to Tenn. Code Ann. §39-17-419, inferences may be drawn of possession with intent to sell from the amount of the controlled substance, along with other relevant facts surrounding the arrest. *State v. Maurice Teague*, No. 02C01-9806-CC-00187, Carroll County (Tenn. Crim. App., Jackson, February 26, 1999). In the case *sub judice*, the defendant in his first statement to police admitted that the drugs in question were his. In his second statement, while he denied that the drugs were his, it is noteworthy that he also denied that he had any money with him. He apparently was aware that possession of the amount of cocaine in question might raise an inference of sale, and that having a weapon or money in his possession might increase the strength of that inference. *See e.g., State v. Steven D. Pittman*, No. M1999-00320-CCA-R3-CD, Davidson County (Tenn. Crim. App., Nashville, April 7, 2000). The jury was permitted to consider both the amount of cocaine involved and the other circumstances surrounding the arrest, including the nature of the statements made by defendant. The circumstances may carry as much weight as the quantity possessed in authorizing a jury to draw the inference of intent to sell a controlled substance. *State v. Bledsoe*, 626 S.W.2d 468, 469 (Tenn. Crim. App. 1981). The jury could have reasonably concluded that the defendant, as well as his co-defendant, possessed the cocaine in question with the intent to sell.

Defendant finally contends that the trial court erred by denying his motion to suppress the two statements he gave to the police immediately after his arrest. In reviewing the trial court's denial of the motion to suppress, this court is bound by the trial court's findings of fact unless the evidence preponderates otherwise. *See State v. Crutcher*, 989 S.W.2d 295, 299 (Tenn. 1999) (citing *State v. Odom*, 928 S.W.2d 18, 22-23 (Tenn. 1996)). Notwithstanding, the application of the law to the facts is a question of law which this court reviews *de novo*. *Crutcher*, 989 S.W.2d at 299 (citing *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997)). The defendant bears the burden of demonstrating that the evidence preponderates against the trial court's finding. *Odom*, 928 S.W.2d at 22-23.

The defendant argues that he was subjected to custodial interrogation without having been advised of his *Miranda* rights. He claims that any statement to an officer as a result of such custodial interrogation was unconstitutionally obtained, and thus, the statements should not have been admitted at trial.

In *Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966), the United States Supreme Court held that the constitutional prohibition against compelled self-incrimination requires police officers, before initiating questioning, to advise an accused of his right to remain silent and his right to counsel. Specifically, *Miranda* requires police to inform the person being questioned that (a) he has the right to remain silent; (b) any statement made may be used as evidence against him; and (c) he has the right to the presence of an attorney; and (d) if he

cannot afford an attorney, one will be appointed for him prior to questioning, if he so desires. *Id.*, 384 U.S. at 444, 86 S.Ct. At 1612.

Officer Griffin testified that he read defendant his rights on two separate occasions before taking the statements that he gave. He produced documents that contained signed statements on one side and the officer's notations about his readings of rights on the opposite side. The trial court accredited the officer's testimony that the defendant was fully advised of and waived his rights prior to any police questioning. We therefore conclude that the evidence does not preponderate against the trial court's finding that the defendant effectively understood and waived his rights prior to being interviewed by the police. As a result, the trial court properly denied the defendant's motion to suppress his statements. This issue is without merit.

For the reasons set forth above, the judgment of the trial court is affirmed in all respects.

_____
CORNELIA A. CLARK, SPECIAL JUDGE