IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

JULY 1998 SESSION

FILED

September 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | |
| | ) | C.C.A. No: 02C01-9710-CR-00392 |
| Appellee, | ) | |
| | ) | Shelby County |
| VS. | ) | |
| | ) | Hon. Bernie Weinman, Judge |
| | ) | |
| **TIMOTHY RATHERS**, | ) | (Possession of Cocaine & Marijuana |
| | ) | with Intent to Sell or Deliver) |
| Appellant. | ) | |

**FOR THE APPELLANT:**

Charles E. Waldman
147 Jefferson, Suite 1102
Memphis, TN  38103
(At Trial & On Appeal)

**FOR THE APPELLEE:**

John Knox Walkup
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN  37243-0493

William L. Gibbons
District Attorney General

Thomas Hoover
Assistant District Attorney General
201 Poplar Avenue, Third Floor
Memphis, TN  38103

OPINION FILED: _____

**AFFIRMED**

ROBERT W. WEDEMEYER,
Special Judge

**O P I N I O N**

The appellant was indicted on four counts of dealing with controlled substances. Specifically, he was charged in one count each of possession of cocaine with intent to deliver, possession of cocaine with intent to sell, possession of marijuana with intent to deliver, and possession of marijuana with intent to sell. On July 16, 1997, a jury convicted the defendant on the two possession with intent to deliver counts. In this appeal, his sole complaint is that the evidence was insufficient to support these convictions. Having reviewed the evidence, we affirm the trial court.

**FACTS**

The testimony at trial revealed that on July 19, 1996, Sergeant Ernest Long of the Shelby County Sheriff's Department received information from a confidential informant that the defendant was conducting drug sales from his vehicle. The informant described the defendant's vehicle and gave a specific street on which the car would be found. Upon traveling to the specified location, Sergeant Long observed a car matching the description of the defendant's vehicle. A license plate check confirmed that it belonged to the defendant. A passenger, later identified as Irish Banks, was also in the vehicle. Long saw a male subject he believed to be the defendant walking across the street to a pay telephone.

Once Sergeant Long had positioned himself for continued surveillance of the defendant, he radioed for assistance and requested that a narcotics dog be brought to the scene. When the other officers arrived, they approached the defendant at the telephone booth, identified themselves and asked permission to search his vehicle. When the defendant refused to consent to such a search, he was detained for approximately ten minutes to await the arrival of the narcotics dog.

When the narcotics dog was brought to the defendant's vehicle, it alerted on the trunk of the vehicle. The officers obtained the keys from the defendant and opened the trunk where the dog alerted on a gym bag. Upon opening the gym bag, Detectives Tarwater and Beasley discovered a bag containing what was later confirmed to be 456 grams of marijuana and two bags containing what was later confirmed to be 52.62 grams of crack cocaine. A set of postal scales was also discovered in the trunk of the

2

defendant's vehicle. Sergeant Long testified that a .1 to .2 gram rock of cocaine would sell for $20 and the street value of the marijuana would have been $900 to $1300.

The defendant was arrested and taken to the police department where he was interviewed by Scott Campbell of the Shelby County Sheriff's Department. In his statement, captured on video, the defendant admitted that the "narcotics that were found belonged to me." However, he insisted that he had been set up because he did not have to take the drugs and deliver them. According to the defendant's statement, someone called him and asked that these specific amounts of narcotics be delivered to him.

Irish Banks, the defendant's girlfriend, testified on behalf of the defendant. Banks testified that she was a passenger in the defendant's vehicle on the day of the drug search. Ms. Banks said that she had not seen the defendant open the trunk that day. Further, she testified that the defendant's brother had driven the car on occasion.

**LEGAL ANALYSIS**

The defendant's sole issue is that the evidence was insufficient to support his convictions. He insists that the jury should have found him guilty of the lesser included offense of simple possession.

When the sufficiency of the evidence is challenged, the standard of review is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This Court will not reweigh the evidence, reevaluate the evidence, or substitute its evidentiary inferences for those reached by the jury. State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995).

In a criminal trial, great weight is given to the result reached by the jury. State v.

3

Johnson, 910 S.W.2d 897, 899 (Tenn. Crim. App. 1995). Once approved by the trial court, a jury verdict accredits the witnesses presented by the state and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). A jury's guilty verdict removes the presumption of innocence enjoyed by the defendant at trial and raises a presumption of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant then bears the burden of overcoming this presumption of guilt on appeal. State v. Black, 815 S.W.2d 166, 175 (Tenn. 1991).

In the instant case, the defendant was convicted of one count of possession of cocaine with the intent to deliver and one count of possession of marijuana with the intent to deliver. Tennessee Code Annotated Section 39-17-417 provides that (a) it is an offense for a defendant to knowingly: (4) possess a controlled substance with intent to manufacture, deliver or sell such controlled substance.

Viewing the evidence in the light most favorable to the state, the jury heard evidence that a confidential informant reported to Sergeant Long that the defendant was conducting drug sales from his vehicle. The informant went further to describe the vehicle and its current location. This information was confirmed by Sergeant Long when he arrived on the scene and saw both the vehicle and the defendant. After a narcotics dog alerted on the trunk of the defendant's vehicle and a gym bag inside the trunk, the officers removed large quantities of crack cocaine and marijuana from the gym bag. A set of postal scales was also found in the trunk.

According to his statement given at the police station, the defendant admitted that the drugs belonged to him. He added that he "was called to bring someone some drugs in exchange for money. It was a set up, because I didn't have to do it." Sergeant Long testified as to the street value of both the marijuana and crack cocaine.

The defendant argues that no evidence existed to show that he had an intent to deliver the cocaine and marijuana. However, the amount of drugs and other relevant facts and circumstances allow the inference that the defendant possessed the intent to deliver the cocaine and marijuana. State v. Bledsoe, 626 S.W.2d 468 (Tenn. Crim. App. 1981). Here, not only did the officer testify to the large amount of cocaine and marijuana and its street value, the testimony also indicated that a set of scales was

4

found in the trunk of the vehicle.

In further support of his argument, the defendant points to testimony that he told Officer Campbell that it was a "setup," that the informant really wanted the defendant's brother to bring him the drugs," and that he did give officers consent to search the vehicle. The defendant also added that he implicated himself in the statement only to insure the release of his girlfriend who was a passenger in the vehicle at the time of the arrest. Additionally, the defendant wanted the jury to believe that, based on the testimony of Ms. Banks, others drove the vehicle. However, none of these assertions are convincing.

Each of these assertions constitutes a credibility challenge. As cited above, issues of credibility are a function of the jury. This Court will not usurp that function. This sufficiency of the evidence argument, in its entirety, is without merit.

## CONCLUSION

Having reviewed the record and submitted briefs, this Court concludes that the decision of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, Special Judge


CONCUR:


_____
JOE G. RILEY, Judge


_____
CURWOOD WITT, Judge

5