IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE, v. STEVEN D. PITTMAN.

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-D-2271     Steve Dozier, Trial Judge**

---

**No. M1999-00320-CCA-R3-CD - Decided April 7, 2000**

---

A Davidson County jury convicted the appellant, Steven D. Pittman, of one (1) count of possession with the intent to sell over 0.5 grams of cocaine, one (1) count of felonious possession of a weapon and one (1) count of simple possession of marijuana. The trial court sentenced the appellant as a Range I offender to concurrent terms of eleven (11) years for possession with the intent to sell cocaine, two (2) years for felonious possession of a weapon and eleven (11) months and twenty-nine (29) days for marijuana possession. On appeal, the appellant contends that the evidence is insufficient to sustain his convictions. After a thorough review of the record before this Court, we conclude that the state presented sufficient evidence to support the appellant's convictions. We therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 as of Right; Judgment of the Davidson County Criminal Court is Affirmed**

SMITH, J., delivered the opinion of the court, in which WELLES, J., and LAFFERTY, SR. J., joined.

William A. Lane, Murfreesboro, Tennessee, for the appellant, Steven D. Pittman.

Paul G. Summers, Attorney General and Reporter, Todd R. Kelley, Assistant Attorney General, for the Appellee, State of Tennessee

### OPINION

### I.

At approximately 10:00 a.m. on March 8, 1997, Metro Police Officer Robert Davenport was on duty patrolling the "Central Sector" of Nashville. He observed a car backed into a parking space in the area of an apartment complex, and two (2) people were sitting inside the vehicle. Because the officer believed this to be out of the ordinary,[1] he called for backup and approached the vehicle.

---

[1] The officer stated that "unless you live [in that area], there's no reason for you to be there." He testified that he frequently patrolled this area and did not recognize the appellant as a person who lived in that area.

As Officer Davenport approached the passenger side of the vehicle from behind, he noticed "some movement in the front of the vehicle." The officer asked that the people inside the car stop moving, but they did not comply with his request. Fearing that the passengers might have a weapon, the officer drew his gun and ordered them out of the vehicle. The appellant, who was sitting in the driver's seat, got out of the vehicle and put his hands on the hood of the car. When the appellant exited the car, the officer saw a small bag of green plant material between the driver and passenger seats. Beside the plant material was a loaded .44 caliber handgun.

Officer Davenport arrested the appellant for possession of marijuana, placed him in the backseat of his vehicle and transported him downtown. When they arrived, the appellant exited the backseat of the officer's patrol car. The officer then found a cellophane bag containing white rock-like substance in the floorboard of the backseat. The officer testified that he was certain that the bag was not in his vehicle prior to transporting the appellant because he always searched his vehicle at the beginning of his shift and after anyone exited the backseat of the vehicle.

No drug paraphernalia was found, but officers recovered approximately $1,000 from the trunk of the appellant's car and $1,700 from the appellant's person. When the officer informed the appellant that he would be charged with possession with the intent to sell, the appellant told the officer that the drugs were for his personal use.

Drug analysis indicated that the green plant material was approximately 0.6 grams of marijuana. The white rock-like substance tested to be 8.0 grams of cocaine base.

The jury found the appellant guilty of possession with the intent to sell over 0.5 grams of cocaine, unlawful possession of a weapon, and simple possession of marijuana. The trial court sentenced the appellant to concurrent sentences of eleven (11) years on the cocaine offense, two (2) years for the weapons offense and eleven (11) months and twenty-nine (29) days for possession of marijuana. From his convictions, the appellant now brings this appeal.

**II.**

In his sole issue on appeal, the appellant asserts that the evidence is insufficient to sustain his convictions. First, he argues that the state failed to prove that he possessed the cocaine, the handgun or the marijuana. Secondly, he claims that there is insufficient evidence that he intended to sell or deliver the cocaine.

**A.**

When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence."

State v. Matthews, 805 S.W.2d at 779.

A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in the testimony in favor of the state. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d at 75. Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id.

**B.**

To convict the appellant of possession of cocaine with the intent to sell, the state must prove that the appellant knowingly possessed the cocaine. Tenn. Code Ann. § 39-17-417(a)(4). Similarly, the state was required to prove that the appellant knowingly possessed the marijuana found in his vehicle. Tenn. Code Ann. § 39-17-418(a). Finally, for the unlawful possession of a weapon offense, the state must demonstrate that the appellant possessed a handgun and "has been convicted of a felony involving the use or attempted use of force, violence or a deadly weapon." Tenn. Code Ann. § 39-17-1307(b)(1)(A).[2] Thus, the primary inquiry for this Court becomes whether the appellant possessed the cocaine, the handgun and the marijuana.

"Possession" may be actual or constructive. State v. Brown, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991). "Constructive possession requires that a person knowingly have the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." State v. Copeland, 677 S.W.2d 471, 476 (Tenn. Crim. App. 1984). In other words, constructive possession is "the ability to reduce an object to actual possession." State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981) (quoting United States v. Martinez, 588 F.2d 495 (5th Cir. 1979)); *see also* State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987).

In the present case, the marijuana and the handgun were found in the car the appellant was driving. The officer testified that both were within the appellant's reach, as the officer discovered the contraband next to the driver's seat. Whether the appellant possessed the contraband is a question of fact for the jury to determine. *See* State v. Copeland, 677 S.W.2d at 476. We believe that the evidence is clearly sufficient for a rational trier of fact to find that the appellant constructively possessed the marijuana and the handgun. *See* State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995).

With regard to the appellant's conviction for possession of cocaine with the intent to sell, the officer testified that although he patted down the appellant for weapons after arresting him, he did not conduct a search of the appellant's person for drugs. He put the appellant in his patrol car and transported him downtown. When the appellant exited the vehicle, the officer saw the bag of rock-like substance in the floorboard of the backseat. The officer testified that he always searches his vehicle prior to his shift and after anyone exits the backseat of his vehicle. Furthermore, the officer stated that the cocaine was not in his car prior to the appellant entering his vehicle. Viewing this evidence in the light most favorable to the state, we conclude that the jury could have rationally concluded that the appellant knowingly possessed the crack cocaine.

This issue is without merit.

---

[2] The appellant does not contest that he "has been convicted of a felony involving the use or attempted use of force, violence or a deadly weapon." Tenn. Code Ann. § 39-17-1307(b)(1)(A).

**C.**

The appellant also alleges that the state failed to prove that he possessed the cocaine with the intent to sell or deliver. However, the amount of cocaine possessed by the appellant supports an inference of an intent to sell, rather than for personal use. *See* State v. Bledsoe, 626 S.W.2d 468, 469 (Tenn. Crim. App. 1981). Moreover, no drug paraphernalia was found, which is also indicative of an intent to sell. State v. Brown, 915 S.W.2d 3, 8 (Tenn. Crim. App. 1995). Finally, the officers recovered approximately $2,700 from the trunk of the appellant's car and on his person, and the appellant was in possession of a weapon. This Court has held that a weapon, as well as large amounts of cash, in the appellant's possession constitute circumstantial evidence indicating an intent to sell. State v. Reginald Allan Gillespie, C.C.A. No. 03C01-9706-CR-00222, 1999 Tenn. Crim. App. LEXIS 600, at *5, Greene County (Tenn. Crim. App. filed June 16, 1999, at Knoxville); State v. Jimmy Clyde Jones, C.C.A. No. 02C01-9703-CC-00120, 1997 Tenn. Crim. App. LEXIS 1289, at *5, Hardin County (Tenn. Crim. App. filed December 18, 1997, at Jackson); State v. Ronald Mitchell, C.C.A. No. 02C01-9702-CC-00070, 1997 Tenn. Crim. App. LEXIS 871, at *5, Lauderdale County (Tenn. Crim. App. filed September 15, 1997, at Jackson), *perm. to app. denied* (Tenn. April 27, 1998). Notwithstanding the appellant's protests that the cocaine was for personal use, the jury could have reasonably concluded that the appellant possessed the cocaine with the intent to sell.

This issue has no merit.

**III.**

After viewing the evidence in the light most favorable to the state, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the appellant was guilty of possession of cocaine with the intent to sell, felonious possession of a weapon and simple possession of marijuana. Accordingly, the judgment of the trial court is affirmed.