IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1999 SESSION

FILED

September 24, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9812-CC-00486 |
| Appellee, | ) | |
| | ) | BEDFORD COUNTY |
| VS. | ) | |
| | ) | HON. CHARLES LEE, |
| TROY RANDALL JOHNSON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Joyriding, DUI, Driving On Revoked |
| | ) | License) |

**FOR THE APPELLANT:**

**GREGORY D. SMITH**
Contract Appellate Defender
One Public Square, Suite 321
Clarksville, TN 37040
(On Appeal)

**ANDREW JACKSON DEARING III**
Assistant Public Defender
105 South Main
P.O. Box 1119
Fayetteville, TN 37334-1119
(At Trial and On Appeal)

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**W. MICHAEL McCOWN**
District Attorney General

**ROBERT G. CRIGLER**
Assistant District Attorney General
One Public Square, Suite 100
Shelbyville, TN  37160-3953

**OPINION FILED:** _____

**AFFIRMED AS MODIFIED**

**JOE G. RILEY, JUDGE**

**OPINION**

A Bedford County Grand Jury indicted defendant, Troy Randall Johnson, for theft of property over $1000, driving under the influence (DUI) third offense, and driving on a revoked driver's license (DORL) third offense. After a jury trial, he was convicted of joyriding, DUI third offense, and DORL third offense, all Class A misdemeanors. The trial court sentenced defendant to an effective sentence of nineteen months and fifteen days. On appeal, defendant challenges: (1) the sufficiency of the evidence, and (2) his sentences. After a thorough review of the record, this Court **MODIFIES** the sentence for DUI to conform to the statutory requirement, but **AFFIRMS** the trial court's judgment in all other respects.

**FACTS**

In the early morning hours of January 9, 1998, defendant was involved in a one-vehicle accident off Highway 64 in Bedford County. Law enforcement personnel responded to the scene and found local farmer Chuck Hawkins' 1992 GMC pickup at the bottom of a ravine. The truck had rolled several times, and the injured defendant was found on the ground about fifteen feet beyond the truck's resting place. Sheriff's deputies found beer cans at the scene and smelled alcohol about defendant's person.

At trial, the state presented proof that defendant's license was in a revoked status. The state's witnesses all testified that defendant was the only person in the vicinity of the accident. Truck owner Hawkins testified that defendant, who worked for him sporadically for eight or nine months preceding the accident, did not have permission to use the truck at any time. The medical lab technician from the

2

hospital, where defendant was taken for his injuries, testified that the ethanol content of defendant's blood was above the "toxic" level.[1]

The defendant presented no proof at trial.

## SUFFICIENCY OF THE EVIDENCE

Defendant challenges the sufficiency of the evidence used to convict him of joyriding, DUI, and DORL. Specifically, defendant argues that the evidence against him was purely circumstantial and failed to establish beyond a reasonable doubt that he was the driver of Hawkins' truck.

When an appellant challenges the sufficiency of the evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992); Tenn. R. App. P. 13(e). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This Court will not reweigh the evidence, reevaluate the evidence, or substitute its evidentiary inferences for those reached by the jury. State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995).

Although the evidence of defendant's guilt is circumstantial in nature, circumstantial evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Buttrey, 756 S.W.2d 718,

_____

[1]The testimony showed defendant's blood ethanol content to be 165 mg/deciliter which the technician described as "high." She further testified that a level between 50 and 100 mg/deciliter is considered "toxic."

3

721 (Tenn. Crim. App. 1998). However, for this to occur, the circumstantial evidence must be consistent with guilt of the accused, inconsistent with innocence, and must exclude every other reasonable theory or hypothesis except that of guilt. Tharpe, 726 S.W.2d at 900. While following the above guidelines, this Court must remember that the jury decides the weight to be given to circumstantial evidence and that "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958); *see also* State v.Carter, 970 S.W.2d 509, 515 (Tenn. Crim. App. 1997).

In this instance, the proof showed that defendant did not have permission to use Chuck Hawkins' GMC pickup. It also showed defendant was the only person found at the scene of a one-vehicle accident involving Hawkins' pickup. There were beer cans in the truck's proximity, and the ethanol level in defendant's blood stream was "toxic." Based upon this evidence, the jury chose to convict defendant of joyriding, DUI, and DORL.

Deputy Body Keele testified as follows:

DEFENSE
COUNSEL: . . . Is [defendant] on the other side of the truck, away from the road, or is he close to the road?

KEELE: Highway 64 runs east and west. The vehicle came to a stop facing south. The rear of the truck was facing north. [Defendant] was to the north before you got to the truck, about ten to fifteen foot (sic).

DEFENSE
COUNSEL: . . . was [defendant] close to the road?

KEELE: He was further away from the road than the vehicle was.

Defendant claims that this testimony proves he was found near the *passenger* side of the truck which is contrary to the premise that he drove the truck.

4

Thus, defendant argues, "the evidence . . . just as strongly supports the conclusion that the truck in question hit [him], or that [he] was a passenger in said vehicle as it does that [he] was the driver." Our reading of this particular testimony does not lead us to the same conclusion suggested by defendant.[2]

The weight to be given circumstantial evidence and the inferences to be drawn from such evidence were questions for the jury. The jury in this case found the evidence consistent with defendant's guilt, and the trial court declared the evidence "overwhelming" in its denial of defendant's motion for a new trial.

This Court will not reweigh nor reevaluate the evidence. The evidence was sufficient to support defendant's convictions. This issue is without merit.

## SENTENCING

In his second issue, defendant challenges the misdemeanor sentences imposed by the trial court as "excessive under the facts and circumstances of this case."

At the sentencing hearing, defendant's criminal history was introduced into evidence without objection. Defense counsel stipulated to two prior DUI and two prior DORL convictions. The trial court sentenced defendant to ten months for joyriding, nine months and fifteen days for DUI, and nine months and fifteen days for DORL. The court ordered the DUI and DORL sentences to run concurrently with each other but consecutively to the joyriding charge.

---

[2]If defendant *were* found near the passenger side of the truck, we note that the truck rolled over anywhere from two to four times. The location where defendant was found would not be determinative of this issue.

5

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Misdemeanor sentencing is controlled by Tenn. Code Ann. § 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *See* State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinate sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. *Id.*

We further note that the trial court has more flexibility in misdemeanor sentencing than in felony sentencing. State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumption of a minimum sentence. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997); State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

## A. Length of Sentences

Class A misdemeanors carry a maximum sentence of eleven months and twenty-nine days. Tenn. Code Ann. § 40-35-111(e)(1). In each case, the trial court set determinate sentences below the statutory maximum. It enhanced the length of each sentence due to defendant's history of criminal convictions. *See* Tenn. Code Ann. § 40-35-114(1). The court also considered defendant's previous unwillingness to comply with the conditions of release into the community in that he failed to report to serve the prescribed jail time in a Rutherford County DUI. *See* Tenn. Code Ann. § 40-35-114(8).

These are proper considerations by the trial court in setting misdemeanor sentences. The length of the sentences imposed is proper.

## B. Consecutive Sentencing

With regard to the consecutive nature of these sentences, a court may order sentences to run consecutively if the court finds by a preponderance of the evidence that the defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime where the risk to human life is high. Tenn. Code Ann. § 40-35-115(b)(4). The trial court properly declared defendant to be a dangerous offender noting that the DUI was a crime involving great risk to human life. In this case the defendant was driving with a "toxic" blood alcohol level and wrecked the vehicle.

Finally, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; and (2) serve to protect the public from further criminal conduct by the offender. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). Although the trial court did not recite these factors, we find through our *de novo* review that the sentences comport with the *Wilkerson* requirements.

Imposition of consecutive sentencing in this case was proper.

## C. DUI Sentence

The trial court sentenced defendant to nine months and fifteen days at 100% for the DUI offense. Tenn. Code Ann. § 55-10-403(c) provides that DUI offenders be "required to serve the difference between the time actually served and the maximum sentence on probation." A panel of this court in State v. Combs, 945 S.W.2d 770 (Tenn. Crim. App. 1996), concluded that this statute "in effect, *mandates a maximum sentence* for DUI, with the only function of the trial court being to determine what period above the minimum period of incarceration

established by statute, if any, is to be suspended." *Id.* at 774 (emphasis added).

Thus, we conclude that the sentence imposed in this case for the DUI conviction must be for eleven months and twenty-nine days with nine months and fifteen days confinement followed by probation for the balance of the sentence.

## CONCLUSION

Based upon the foregoing, we **AFFIRM AS MODIFIED** the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**

_____
**L.T. LAFFERTY, SENIOR JUDGE**