STATE of Tennessee, Appellee,

v.

William CAREY, Appellant.

Court of Criminal Appeals of Tennessee,
at Nashville.

April 27, 1995.

On Appeal as of Right from the Judgment of the Criminal Court of Sumner County, No. 01C01–9403–CR–00102; Fred A. Kelley, III, Judge (Sale of Counterfeit Drugs).

Steven F. Glaser, Assistant Public Defender, Gallatin, for Appellant.

Charles W. Burson, Attorney General & Reporter, Cecil H. Ross, Assistant Attorney General, Criminal Justice Division, Nashville, Lawrence Ray Whitley, District Attorney General, Kathi Phillips, Assistant District Attorney General, Gallatin, for Appellee.

### *OPINION*

WELLES, Judge.

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant was convicted on a jury verdict of selling a counterfeit controlled substance.[1] For this Class E felony, he was sentenced to the Department of Correction for six years as a career offender. He appeals his conviction and his sentence. We affirm the judgment of the trial court.

---

1. Tenn.Code Ann. § 39–17–423.

The Defendant argues four issues on appeal: (1) That the evidence introduced at trial was insufficient, as a matter of law, to support his conviction; (2) That the trial judge erred by refusing to charge the jury concerning a "casual exchange;" (3) That the trial judge erred by allowing the undercover drug agent to testify that the substance the Defendant sold appeared to be cocaine; and (4) That the trial court erred in sentencing the Defendant as a career offender.

 The first issue to be addressed is the sufficiency of the evidence to support the conviction. When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence presented during the trial was sufficient "to support the finding of the trier of fact of guilt beyond a reasonable doubt." T.R.A.P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn.Crim.App.1990).

 In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). This court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Herrod*, 754 S.W.2d 627, 632 (Tenn.Crim.App.1988).

 Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn.Crim. App.1987). In *State v. Grace*, 493 S.W.2d 474 (Tenn.1973), the Tennessee Supreme Court said, "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *Id.* at 476.

 Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, *id.*, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record and the inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. *Matthews*, 805 S.W.2d at 780.

We now review the evidence presented at trial. An undercover drug agent testified that he purchased a white powdery substance from the Defendant. At the time of this transaction, the undercover agent was operating a vehicle equipped to record the transaction on an audio-video recorder. The audio-video tape was introduced as evidence and viewed by the jury.

The envelope containing the white powdery substance, which the Defendant sold the undercover agent while being video taped, was introduced into evidence. A chemist employed by the Tennessee Bureau of Investigation testified that the substance did not contain a controlled substance. Both the drug agent and the chemist testified that the substance had a similar appearance to cocaine in a form in which it is regularly sold. The Defendant stipulated that he was the person shown on the video tape.

The Defendant argues that the proof was insufficient to prove that the substance sold was similar to cocaine or was represented to be cocaine. The chemist testified that the white powder she examined "could be consistent with cocaine or methamphetamine or any number of other controlled substances. Just by looking at it I could not tell it either was or was not a controlled substance." A law enforcement officer testified that the substance the Defendant sold the undercover agent appeared similar to other substances that he had seen which tested positive for cocaine. On the video tape, the undercover

agent is heard asking the Defendant for a "$20.00 piece." The Defendant sold him a plastic bag containing a small amount of powdery substance that apparently turned out to be cornmeal.

We conclude that the evidence introduced in this case is sufficient to support the finding by the jury of the Defendant's guilt beyond a reasonable doubt.

■ The Defendant next argues that the trial judge erred by not charging the jury relative to a "casual exchange." Under Tennessee law, the sale or delivery of a controlled substance is generally a felony. Tenn.Code Ann. § 39-17-417. The classification of the felony depends upon the type and quantity of the controlled substance sold or delivered. *Id.*

■ The sale or distribution of a controlled substance under certain circumstances can be a misdemeanor if the controlled substance was "casually exchanged." A casual exchange occurs when the transfer of the controlled substance is made without design. *State v. Helton,* 507 S.W.2d 117, 120 (Tenn.1974). The transfer of the controlled substance may qualify as a casual exchange even though money is involved in the transfer. *Id.*

The Defendant argues that the trial judge should have charged the jury with the law concerning the "casual exchange" of a controlled substance, apparently so that the jury would be given the opportunity to consider whether the Defendant was guilty of a misdemeanor. We find that the Defendant's argument is without merit.

The Defendant was not charged with the sale or distribution of a controlled substance. He was charged with the sale of a *counterfeit* controlled substance. There is no statute which renders the casual exchange of a counterfeit controlled substance a misdemeanor. The misdemeanor "casual exchange" law applies solely to controlled substances and not to counterfeit controlled substances.

We realize that this interpretation renders the "casual exchange" of certain controlled substances under certain conditions a misdemeanor while rendering all distributions of *counterfeit* controlled substances a felony.

We conclude that it is for the legislature, not this court, to decide whether a different result is appropriate.

■ In the case *sub judice,* however, we further easily conclude that even if a "casual exchange" statute applied to the distribution of counterfeit drugs, the trial judge would not have committed error by refusing to so charge the jury. While the amount of the substance distributed was small, we find no evidence in this record of any circumstances from which the jury could infer that this exchange was casual. This sale was made with a definite design.

■ The Defendant next argues that the trial judge erred in allowing a drug task force agent to testify that the substance which the Defendant sold to the undercover agent appeared to be cocaine and that the phraseology used by the undercover agent during the transaction was such that is commonly used in a drug transaction.

The Defendant argues that this testimony was opinion testimony and was inadmissible because the witness had not been qualified as an expert witness on these topics. This witness testified that in the course of his training and serving as a narcotics officer, he was familiar with the language used by drug dealers. He stated that among drug dealers, a "twenty dollar piece" was consistent with the reference to twenty dollars worth of cocaine. He testified that the substance which the Defendant sold to the undercover agent was similar in appearance to substances that he had seen that tested positive for the presence of cocaine. Based upon the qualifications of this witness, we believe it was proper to allow the witness to testify concerning these matters. We conclude this issue is without merit.

■ The Defendant also argues that the trial judge erred by sentencing him as a career offender. He argues that there is insufficient evidence in this record that he has the requisite six prior felony convictions to be sentenced as a career criminal for a Class E felony.

It appears undisputed that the Defendant has eleven prior felony convictions. He ar-

gues that some of the convictions were for multiple felonies committed as part of a single course of conduct within twenty-four hours and, therefore, constitute only one conviction for the purpose of determining prior convictions to establish the appropriate range. Tenn.Code Ann. § 40–35–108(b)(4).

At the sentencing hearing, the State relied on the presentence report, which was introduced through the State probation officer who prepared it, and the record of prior felony convictions filed by the District Attorney General in accordance with Tennessee Code Annotated section 40–35–202(a). The Defendant correctly argues that we are unable to ascertain independently from this record that the trial court was correct in finding six qualifying prior felony convictions. However, we also are unable to determine that the trial court was incorrect, because this record does not contain all of the evidence considered by the trial court on this issue.

The presentence report is contained in the record. It is evident from the sentencing hearing that the district attorney had attached copies of the indictments that supported the convictions listed on the notice of intent to seek enhanced punishment which was filed in this case. While the notice itself is included in the record, the record does not contain the copies of the indictments which were attached thereto. These attachments were obviously considered by the trial court because the assistant district attorney and the trial judge engaged in a colloquy concerning the indictments as they related to whether or not certain felonies were committed as part of a single course of conduct within twenty-four hours. After examining the indictments and discussing same with the assistant district attorney, the trial court concluded that the requisite six felony convictions were proved. On appeal, the Defendant argues that this evidence was inadmissible and should not have been considered in the sentencing procedure. At the sentencing hearing, however, no objection was made concerning the assistant district attorney general's reference to the indictments or the trial court's consideration of same.

In *State v. Ballard,* 855 S.W.2d 557 (Tenn. 1993), our Supreme Court stated as follows:

When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. *State v. Bunch,* 646 S.W.2d 158, 160 (Tenn. 1983). Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue. *State v. Roberts,* 755 S.W.2d 833, 836 (Tenn.Cr.App.1988). Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue. *See* T.R.A.P. 24(b). The defendant has failed to properly preserve this issue for appeal.

855 S.W.2d at 560–61.

Without a complete record of the evidence presented and considered by the trial judge at the sentencing hearing, we cannot conclude that the trial judge erred in classifying the Defendant as a career offender. This issue is without merit.

The judgment of the trial court is affirmed.

WADE and SUMMERS, JJ., concur.