IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE


**STATE OF TENNESSEE v. BENITO GOMEZ**

**Direct Appeal from the Circuit Court for Bedford County
No. 14308, William Charles Lee, Trial Judge**

———————

**No. M1998-00096-CCA-R3-CD - Decided May 12, 2000**

———————


The appellant, Benito Gomez, was found guilty by a Bedford County jury of voluntary manslaughter. In this appeal as of right, the appellant challenges the sufficiency of the convicting evidence upon grounds that the State's key witness lacked credibility. The judgment of conviction is affirmed.

**Tenn. R. App. P. 3(b) Appeal as of Right; Judgment of the Circuit Court Affirmed.**

GLENN, J. delivered the opinion of the court, in which RILEY and WITT, J.J., joined.

Gregory D. Smith, Clarksville, Tennessee, attorney for appellant, Benito Gomez.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Elizabeth T. Ryan, Assistant Attorney General, William Michael McCown, District Attorney General, and Robert G. Crigler, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**


The appellant, Benito Gomez, was found guilty by a Bedford County jury of voluntary manslaughter, a class C felony. The trial court sentenced the appellant, as a range I offender, to five (5) years and three (3) months in the Department of Correction. In his sole issue on appeal, the appellant contends that the State failed to present sufficient evidence to support a conviction of voluntary manslaughter beyond a reasonable doubt.

After review, we affirm.


**Background**

On May 27, 1991, Benito Ybarra appeared at the Shelbyville Police Department and stated that he had just witnessed a murder. Ybarra led the police officers back to the apartment of the appellant where the victim, Alphonso Martinez's body was found. After further interview of Ybarra, who was present at the time of the shooting, Lt. Owens obtained a warrant for the arrest of the appellant. All efforts to locate the appellant proved unsuccessful. In 1991, the Shelbyville Police Department entered the appellant's name into "the NCIC." In June of 1997, the appellant was arrested in Phoenix, Arizona, and extradited to Tennessee.

The prosecution's key witnesses at trial were Zina Diane Love and Luis Anchando, both eye witnesses to the murder of Alphonso Martinez. At the time, Ms. Love was involved in a relationship with Anchando and expecting a child by him. Ms. Love testified that, on the date of the shooting, she and Anchando had been visiting with the appellant at his apartment in Shelbyville. Also present at the apartment were the victim and Benito Ybarra. The appellant and Martinez shared the apartment. All the men present had been drinking beer. During the early morning hours of May 27th, the appellant and Martinez began arguing. The argument arose over rent money owed by the victim to the appellant. The argument became heated with the victim and the appellant at times being "face to face." After approximately thirty minutes of confrontation, the appellant broke off the argument and went into the bathroom. As he came out of the bathroom, the appellant approached the victim, placed a pistol within inches of the victim's head and fired five shots. After shooting the victim, the appellant fled the scene.

The testimony of Luis Anchando corroborated the testimony of Ms. Love.[1] Anchando related that the victim and the appellant had been arguing and, at times, the argument escalated into physical acts of shoving by both individuals. Prior to the shooting, Anchando observed that the appellant was armed with a pistol. Anchando admitted that he sold the pistol to the appellant. Stephanie Moran testified that, on the day prior to the murder, she saw Anchando give a pistol to the appellant, who put it in his pocket. Anchando testified that after the appellant came out of the bathroom, he walked over to the victim, who was seated, pointed the pistol at him and began shooting. The .22 caliber pistol was later recovered from the yard of the residence. Ballistics tests confirmed that the pistol recovered in the yard was the weapon from which the fatal shots were fired. Based upon these facts, the jury found the appellant guilty of voluntary manslaughter.

**Analysis**

In the appellant's only issue, he challenges the sufficiency of the convicting evidence. Specifically, he argues that his conviction cannot be based upon Ms. Love's testimony, the State's chief witness, who had an extremely strong motive to lie, *i.e.*, "Either she or [Anchando] would become the primary suspect in Martinez's death if Benito Gomez was acquitted."

---

[1]Due to Luis Anchando's unavailability, his testimony was introduced via a transcript of his previous testimony in the appellant's first trial which resulted in a hung jury.

The appellant's challenge is one of witness credibility. In essence, the appellant asks this court to trespass upon the jury's duty to evaluate the credibility of the witness and reweigh the evidence introduced at the trial by reassessing the credibility of the State's chief witness, Ms. Zina Diane Love. The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the triers of fact. State v. Cribbs, 967 S.W.2d 773, 793 (Tenn. 1998). It is not the prerogative of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. See generally State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995); State v. Boling, 840 S.W.2d 944, 947 (Tenn. Crim. App. 1992). We decline the appellant's invitation to overturn his conviction by making a choice different from that of the jury.

Under the standard of Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979), we are required to review the evidence presented in the light most favorable to the State. We again emphasize that our inquiry is not to examine the motives of the witnesses or to revisit implausible theories that may have been advanced. Rather, we are required to review the record to determine whether there was substantive probative evidence to support the verdict. In this case, the testimonies of Love and Anchando satisfy this question of legal sufficiency. At trial, both of these witnesses testified that they saw the appellant shoot the victim repeatedly at near point blank range resulting in his death. Thus, we find the proof sufficient to support the appellant's conviction for voluntary manslaughter. Tenn. R. App. P. 13(e); Tenn. Code Ann. § 39-13-211.

The judgment of conviction is affirmed.