IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, January 25, 2005

## STATE OF TENNESSEE  v. SHELBORNE MASON

**Appeal from the Circuit Court for Sullivan County**
**No. S46,853     R. Jerry Beck, Judge**

_____

**No. E2004-00944-CCA-R3-CD - Filed March 8, 2005**

_____

The defendant, Shelborne Mason, was convicted for the sale and/or delivery of .5 grams or more of cocaine, a Class B felony. The trial court imposed a sentence of thirty years. In this appeal, the defendant asserts that the evidence is insufficient to support his conviction. The judgment of the trial court is affirmed.

**Tenn. R. App. P.3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Keith A. Hopson, Kingsport, Tennessee, for the appellant, Shelborne Mason.

Paul G. Summers, Attorney General & Reporter; Michelle Chapman McIntire, Assistant Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On the night of August 16, 2001, Detective Clifton Ferguson, an officer with the Kingsport Police Department, was conducting surveillance of the Riverview Community housing area in Sullivan County, an area known for illegal drug trafficking. Sergeant Joseph Timothy Crawford, the supervisor of the Community Policing Team, was also involved with the investigation. At 11:30 p.m., Detective Ferguson, who was in an unmarked police car, saw a Chevrolet Blazer enter the Riverview Community. The vehicle was stopped in front of an apartment building, a black male got out of the passenger side and walked toward the rear of the facility. When the same man returned to the Blazer, Detective Ferguson reported the activity by radio to Sergeant Crawford, who was patrolling in a marked car.

Moments later, Sergeant Crawford saw the Blazer travel toward him and stop on the shoulder of the road. A black male, whom Sergeant Crawford recognized as the defendant, stepped out of the passenger side and walked away from the car. Sergeant Crawford drove to where the defendant was walking, called out his name, and asked him what he was doing. The defendant explained that he was looking for his son and continued to walk away. At that point, Sergeant Crawford turned his attention back to the Blazer, which had failed to stop at a stop sign as it passed through an intersection.

After traveling through the stop sign, the driver stopped the Blazer and a female entered the passenger side. At that point, Sergeant Crawford initiated the traffic stop for the failure to stop at the stop sign. When he approached the passenger side, he pointed his flashlight into a window and saw an ivory colored substance, appearing to be cocaine, in the female passenger's lap. The Sergeant asked the passenger to step out of the vehicle and the substance fell to the ground. The female passenger, Brandi Hawkins, then handed Sergeant Crawford six more pieces of cocaine. She claimed that the driver, Richard Adams, had handed her the drugs when she got into the car and told her to hide them. Adams was also arrested and charged with possession of over a half gram of cocaine.

Detective Ferguson interviewed the driver, Richard Adams, and passenger, Brandi Hawkins, shortly after their arrests. According to Detective Ferguson, Adams claimed that he had purchased cocaine from the defendant for forty dollars.

Adams, who by the time of trial had pled guilty to the possession of cocaine and received an eleven-month-twenty-nine-day sentence, testified that he met the defendant at the Kingsport General Sessions Court on the morning of the day of the arrest. Adams recalled that he had asked the defendant to help him get drugs, exchanged cellular telephone numbers, and later arranged to meet the defendant at the Golden Dragon restaurant. Adams, who was accompanied by Ms. Hawkins, testified that the defendant got into his Blazer and that the three traveled toward the housing area. Because Ms. Hawkins asked not to go into the housing area, Adams dropped her off at a sidewalk bench.

Adams testified that he gave the defendant "around fifty dollars" to purchase the cocaine and that the defendant instructed him to drop him off and circle the block. Upon his return, the defendant handed him several pieces of cocaine. Adams recalled that the defendant asked to get out of the vehicle because he had seen the police. After the defendant stepped out of the car, Adams picked up Ms. Hawkins, handed her the cocaine, asked her to hide it, and was then arrested by Sergeant Crawford.

Brandi Hawkins, who was engaged to Adams at the time of the arrest, testified that she saw the defendant at the General Sessions Court in Kingsport. She recalled that the defendant provided Adams with his telephone number and that after her arrest, she found the same piece of paper the defendant had given Adams. Ms. Hawkins testified that on the day of the offense, Adams went to an ATM twice, withdrew cash, and later met the defendant at the Golden Dragon. She corroborated

Adams' account of what happened thereafter, acknowledging that she had hidden the cocaine in her bra.

David Holloway, a forensic drug scientist for the Tennessee Bureau of Investigation, testified that he received by certified mail the package of evidence, which contained two separate bags, one bag containing one piece of cocaine, and the other containing six pieces. After determining that the total weight was 1.12 grams, Agent Holloway inspected the contents, using ultraviolet analysis, and concluded that the substance contained cocaine base. He related that the total weight of the four pieces that he actually tested was .7 grams. The agent explained that he did not analyze the remainder of the pieces because he had no reason to believe that the remainder would not contain cocaine.

On appeal, the defendant argues that the evidence was insufficient to sustain his conviction for delivery and/or sale of more than a half a gram of cocaine. The defendant contends that the evidence is insufficient because Adams could not remember exactly how much money he had given the defendant. He argues that Adams received a smaller amount of cocaine than was presented to the officer and did not have a reputation for truthfulness, having received a deal from the state in exchange for his testimony. Further, the defendant contends that Ms. Hawkins' testimony was not credible because she did not actually witness the exchange of money for drugs. The defendant also contends that the TBI analysis was insufficient because the report indicated that the evidence contained 1.1 grams of cocaine when the expert had only tested .7 grams of the cocaine recovered.

On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

Tennessee Code Annotated section 39-17-417 provides that "[i]t is an offense for a defendant to knowingly . . . [d]eliver a controlled substance [or] [s]ell a controlled substance[.]" Tenn. Code Ann. § 39-17-417(a)(2), (3).

The state presented proof that the defendant delivered seven pieces of a substance he represented to be cocaine to Adams for approximately forty dollars. Testing established that four

of the seven pieces contained a cocaine base, for a total tested weight of .7 grams. That Agent Holloway did not perform the same test on the additional three pieces does not render his report insufficient. The procedure has been previously approved by this court. See State v. Holbrooks, 983 S.W.2d 697, 702 (Tenn. Crim. App. 1998) (holding that the evidence was sufficient to establish that all fifty-one rocks contained cocaine where the forensic chemist testified that she performed chemical analysis of eight of the fifty-one rocks of cocaine that had been purchased from the defendant); see also State v. Copeland, 677 S.W.2d 471, 474 (Tenn. Crim. App. 1984) (holding that forensic testing which established that 39 of 2900 quaalude tablets contained a controlled substance was sufficient to establish that all of the tablets contained a controlled substance); State v. Leon Goins, No. W1999-00157-CCA-R3-CD (Tenn. Crim. App., at Jackson, May 2, 2000) ("Tests on discrete units or samples of alleged controlled substances are generally a basis for an expert witness's conclusions regarding the total weight of that sample."). The jury accredited the testimony of the state's witnesses, as was its prerogative, and was authorized to make reasonable inferences from the proof presented. See Copeland, 677 S.W.2d at 474 (holding that the accuracy of forensic testing is a jury question).

The defendant also challenges the sufficiency of the evidence because Adams was unable to recall the precise amount of money he had given the defendant, because he had stated that he received one or two fewer pieces than were collected as evidence, because he had received a favorable plea bargain in exchange for his testimony, and because his reputation for truthfulness was in question. The jury, however, accredited the testimony of Adams, as partially corroborated by Ms. Hawkins, the officers, and the TBI expert in chemistry and drug identification. As indicated, this court may not resolve questions of witness credibility on appeal. That function is solely within the province of the trier of fact. See, e.g., State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995). The evidence was, therefore, sufficient to support the conviction.

Accordingly, the judgement of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE