# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## SEPTEMBER 1998 SESSION

JESSE LEVENT THARPE,                )        C.C.A. NO. 02C01-9803-CC-00069
                                     )
    Appellant,                       )        HENRY COUNTY NO. 12642
                                     )
VS.                                  )        HON. JULIAN P. GUINN,
                                     )        JUDGE
STATE OF TENNESSEE,                  )
                                     )        AFFIRMED - RULE 20
    Appellee.                        )

**ORDER**

AFFIRMED - RULE 20

FILED

November 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

The petitioner appeals the trial court's denial of post-conviction relief. He previously pled guilty to eight (8) counts of aggravated robbery and received an agreed effective sentence of sixteen (16) years as a Range I, standard offender.

Petitioner contends that he was induced to plead guilty due to the ineffective assistance of counsel. He testified trial counsel failed to adequately investigate, failed to properly research the law and erroneously told him that sixteen (16) years was the minimum sentence for aggravated robbery. Trial counsel's testimony contradicted the petitioner's testimony in all material respects as did the affidavit signed by the petitioner on the date of the guilty plea.

Initially, we note the petitioner has failed to include a transcript of the guilty plea hearing. It is the appellant's duty to have prepared an adequate record in order to allow a meaningful review on appeal. Tenn. R. App. P. 24; State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Carey, 914 S.W.2d 93, 97 (Tenn. Crim. App. 1995); State v. Goodwin, 909 S.W.2d 35, 43 (Tenn. Crim. App. 1995); State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). Thus, the issue is waived.

Were the issue not considered waived, we would still affirm the judgment of the trial court. The trial court found the petitioner was thoroughly advised of his alternatives following proper research of the law and a proper investigation of the

facts by the three (3) attorneys who worked on his case. The trial court further found the pleas were knowing and voluntary. The trial court concluded by stating, "nothing in the record even remotely suggests an abridgement of any right guaranteed the petitioner by the constitutions of the United States of America or the State of Tennessee." The evidence does not preponderate against the findings of the trial court.

Accordingly, pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, we affirm the judgment of the trial court. Costs are taxed to the state as the appellant is indigent.

All of which is so ORDERED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**DAVID H. WELLES, JUDGE**