# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER SESSION, 1998

FILED

April 8, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9711-CC-00537 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | ROBERTSON COUNTY |
| VS. | ) | |
| | ) | HON. ROBERT W. WEDEMEYER |
| TONY A. BAKER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Sale of Controlled |
| | ) | Substance) |

FOR THE APPELLANT:

JOE R. JOHNSON, II
509 West Court Square
Springfield, TN 37172

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Senior Counsel
425 Fifth Avenue North
Nashville, TN 37243

JOHN CARNEY
District Attorney General

DENT MORRISS
Assistant District Attorney
Main Street
Springfield, TN 37172

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

On February 11, 1997, a Robertson County jury convicted Appellant Tony A. Baker of two counts of selling cocaine. After a sentencing hearing on April 11, 1997, the trial court sentenced Appellant as a Range II multiple offender to a term of eight years imprisonment for each count, with the sentences to run consecutively. Appellant challenges both his convictions and his sentences, raising the following issues:

1) whether the evidence was sufficient to support his convictions;
2) whether the trial court imposed sentences of excessive length; and
3) whether the trial court erred when it imposed consecutive sentencing.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTS

Delores Walton testified that on June 28 and July 6, 1995, she was working as a confidential police informant for the Nineteenth Judicial District Drug Task Force. On both days, Walton called Appellant's pager number and when he called her back, she told him that she wanted to buy a "sixteenth."

Walton testified that after she called Appellant on June 28, 1995, Appellant came to Walton's apartment and asked what she wanted. When Walton told Appellant that she wanted a "sixteenth," Appellant placed a quantity of cocaine on the table. When Walton recognized that the amount was not a full "sixteenth," she told Appellant that she would pay him $60 for the amount. Appellant then placed some additional cocaine on the table and Walton paid him $80. Walton testified that when Appellant retrieved the additional amount of cocaine, she

could see that Appellant was carrying more cocaine than the amount that he sold to her. Walton also testified that she paid $80 to Appellant for a "sixteenth" of cocaine on July 6, 1995.

Walton testified that although she had known Appellant for several years, she had never used drugs with him at any time. Walton also testified that when she purchased cocaine from Appellant on June 28 and July 6, 1995, Appellant never gave any indication that he wanted to use the cocaine with her.

Agent William Stanton of the Tennessee Bureau of Investigation testified that the substance Walton obtained from Appellant on June 28, 1995, was .4 grams of cocaine base. Agent Stanton also testified that the substance Walton obtained from Appellant on July 6, 1995, was .5 grams of cocaine base.

Appellant testified that on June 28, 1995, he took some drugs to Walton, she gave him $60, and he then left the residence. Appellant also testified that on July 6, 1995, he took some cocaine to Walton, she paid him some money for it, and he then left the residence. Appellant testified that on both occasions, he believed that he and Walton would smoke the cocaine together.

## II. SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient to support his convictions for two counts of selling cocaine. We disagree.

When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Finally, Rule 13(e) of the Tennessee Rules of Appellate Procedure provides, "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt."

In this case, Appellant was convicted of two counts of selling cocaine. In order to prove that these offenses occurred, the State was required to prove that Appellant knowingly gave cocaine to Walton in exchange for money. See Tenn. Code Ann. §§ 39-17-417(a)(3), (c)(2); 39-17-408(b)(4) (1997 & Supp. 1998). Appellant concedes that on both June 28 and July 6, 1995, he provided Walton with cocaine in exchange for money. Appellant argues, however, that the evidence only supported convictions for casual exchange of a controlled substance. See Tenn. Code Ann. § 39-17-418(a) (1997) ("It is an offense for a person to . . . casually exchange a controlled substance."). Specifically, Appellant contends that these were casual exchanges because he alleges that only a small amount of money was exchanged, only a small amount of cocaine was involved, and Appellant believed that he would be using part of the cocaine himself. However, in State v. Carey, 914 S.W.2d 93, 96 (Tenn. Crim. App. 1995), this Court stated that a "casual exchange" can only occur "when the transfer of the controlled substance is made without design." In this case, the State's evidence shows that on both June 28 and July 6, 1995, Walton called Appellant's pager number, Appellant called Walton on the telephone, Walton told Appellant that she wanted to buy a "sixteenth," Appellant responded by bringing a quantity of cocaine to Walton's residence, Walton paid $80 to Appellant for the cocaine, and Appellant took the money and left. Moreover, Walton testified that Appellant never indicated a desire to use the cocaine with her. This evidence clearly established that the sale of cocaine on both occasions was by design and thus, was not a casual exchange. Id.

Appellant also contends that the evidence was insufficient to support his convictions because he alleges that it is obvious that Walton and another witness

for the State were not telling the truth during their testimony. However, "[t]he credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the triers of fact." State v. Cribbs, 967 S.W.2d 773, 793 (Tenn. 1998). The jury obviously believed the State's witnesses, and any further review of their credibility is foreclosed.

This issue has no merit.

## III. LENGTH OF SENTENCES

Appellant contends that the trial court erroneously imposed longer sentences than he deserves. We disagree.

"When reviewing sentencing issues . . . including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (1997). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, arguments of counsel, the defendant's statements, the nature and character of the offense, and the defendant's potential

for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5); 40-35-210(b) (1997 & Supp. 1998); Ashby, 823 S.W.2d at 169. "The defendant has the burden of demonstrating that the sentence is improper." Id. Because the record in this case indicates that the trial court properly considered the sentencing principles and all relevant facts and circumstances, our review is de novo with a presumption of correctness.

In this case, Appellant was convicted of two counts of selling cocaine, a Class C felony. See Tenn. Code Ann. §§ 39-17-417(a)(3), (c)(2); 39-17-408(b)(4) (1997 & Supp. 1998). The sentence for a Range II offender convicted of a Class C felony is between six and ten years. Tenn. Code Ann. § 40-35-112(b)(3) (1997). When both enhancement and mitigating factors are applicable to a sentence, the court is directed to begin with the minimum sentence, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e) (1997).

In imposing a sentence of eight years for both of Appellant's convictions, the trial court determined that enhancement factor (1) applied because Appellant had a history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate sentencing range. See Tenn. Code Ann. § 40-35-114(1) (1997). The trial court also determined that enhancement factor (8) applied because Appellant had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. See Tenn. Code Ann. § 40-35-114(8) (1997). In addition, the trial court found that Appellant's education, employment history, acceptance of responsibility, and

remorse were entitled to some weight as mitigators. See Tenn. Code Ann. § 40-35-113(13) (1997). In fact, the trial court noted that if it had not been for this mitigating evidence, the court would have imposed nine or ten year sentences.

Appellant does not challenge the application of enhancement factor (1) and we conclude that it was properly applied. Indeed, the record indicates that Appellant has three prior convictions for the sale of cocaine and one prior conviction for possession of cocaine.[1] Similarly, Appellant does not challenge the application of enhancement factor (8). We also conclude that this enhancement factor was properly applied because the record indicates that Appellant committed the offenses in this case while he was on supervised probation.

Appellant does challenge the trial court's failure to apply mitigating factor (1), that Appellant's criminal conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1) (1997). However, this Court has previously held that this factor is inapplicable in cases involving the sale of cocaine. State v. Keel, 882 S.W.2d 410, 422 (Tenn. Crim. App. 1994). Even if this factor had been applied, it would have been entitled to little weight. See State v. Hoyt Edward Carroll, No. 03C01-9607-CC-00254, 1997 WL 457490 at *4 (Tenn. Crim App., Knoxville, Aug. 12, 1997) (holding that in cases involving drugs, mitigating factor (1) is entitled to little weight). Therefore, we conclude that the eight year sentences are entirely appropriate in this case. This issue has no merit.

---

[1]The record indicates that the three convictions for selling cocaine were all Class B felony convictions. Only two convictions were necessary in order to classify Appellant as a Range II multiple offender. Tenn. Code. Ann. § 40-35-106(a)(1) (1997). Thus, Appellant had a history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate sentencing range.

## IV. CONSECUTIVE SENTENCING

Appellant contends that the trial court erred when it imposed consecutive sentencing. We disagree.

Consecutive sentencing is governed by Tennessee Code Annotated section 40-35-115. The trial court has the discretion to order consecutive sentencing if it finds that one or more of the required statutory criteria exist. State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Further, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).[2]

In imposing consecutive sentencing, the trial court found that Appellant was an offender whose criminal record was extensive. See Tenn. Code Ann. § 40-35-115(2) (1997). In addition, the trial court also noted that Appellant had committed the offenses in this case while he was on probation for previous convictions. See Tenn. Code Ann. § 40-35-115(6) (1997). As previously stated, Appellant's criminal record consists of three prior convictions for the sale of cocaine and one prior conviction for possession of cocaine. In addition, Appellant admitted during the sentencing hearing that he had been using illegal drugs for approximately seven years before he committed the offenses in this case. We

---

[2]At this time, it is unsettled whether Wilkerson applies to all seven of the statutory categories for consecutive sentencing or only to the "dangerous offender" category. See State v. David Keith Lane, No. 03C01-9607-CC-00259, 1997 WL 332061, at *6 (Tenn. Crim. App., Knoxville, June 18, 1997), perm. app. granted, (Tenn. 1998). However, as discussed below, our conclusion that consecutive sentences are appropriate in this case is the same under either interpretation.

conclude that the evidence supports a finding that Appellant is an offender whose criminal record is extensive.

In this case, the trial court made no express finding that the <u>Wilkerson</u> test was satisfied. As previously noted, it is not clear whether the <u>Wilkerson</u> test applies in this case. However, assuming that <u>Wilkerson</u> does apply, we conclude that the test is satisfied. First, the record indicates that consecutive sentences are necessary in order to protect the public from future criminal misconduct on the part of Appellant. Indeed, Appellant was previously convicted of four cocaine-related offenses that were committed over a period of approximately four years and he has been convicted of two more cocaine-related offenses that were committed while he was on supervised probation. Further, Appellant admitted that he used illegal drugs for approximately seven years, even after he had participated in a drug-rehabilitation program. This continuing disrespect for the law indicates that Appellant's potential for rehabilitation is poor. In addition, we conclude that consecutive sentencing is reasonably related to the severity of the offenses and is congruent with general principles of sentencing. In short, we hold that the trial court did not abuse its discretion when it imposed consecutive sentencing in this case. This issue has no merit.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

-10-

CONCUR:

-11-

_____
GARY R. WADE, PRESIDING JUDGE


_____
JOHN H. PEAY, JUDGE