IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 10, 2015

## CHAD RICHARD DIETZ v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 2014-CR-36     Robert G. Crigler, Judge**

_____

**No. M2014-02180-CCA-R3-PC – Filed October 16, 2015**

_____

Petitioner, Chad Richard Dietz, sought post-conviction relief on the basis of an involuntary guilty plea and ineffective assistance of counsel. After a hearing, the post-conviction court denied relief. Because Petitioner has failed to provide clear and convincing evidence that he received ineffective assistance of counsel or that his plea was involuntary, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

William M. Haywood, Lewisburg, Tennessee for the petitioner, Chad Richard Dietz.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Robert Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the respondent, State of Tennessee.

**OPINION**

This is Petitioner's appeal from the Marshall County Circuit Court's denial of his ill-fated request for post-conviction relief from a 2013 conviction for initiation of a process intended to result in the manufacture of methamphetamine.

Petitioner's guilty plea did not include an agreement as to the sentence. Petitioner requested a sentence of split confinement and probation, but the trial court ordered Petitioner to serve eight years and six months in confinement. Petitioner appealed his

sentence. This Court affirmed the sentence imposed by the trial court. *See State v. Chad Richard Dietz*, No. M2013-01324-CCA-R3-CD, 2014 WL 279476 (Tenn. Crim. App. Jan. 24, 2014), *no perm. app. filed*.

Subsequently, Petitioner filed a pro se post-conviction petition in which he alleged ineffective assistance of counsel with regard to the entry of his plea. Counsel was appointed and an amended petition was filed. In the amended petition, Petitioner alleged that his guilty plea was unknowingly and involuntarily entered and that he received ineffective assistance of counsel at the plea and on appeal. With regard to the plea agreement, Petitioner alleged that trial counsel was ineffective and his plea was involuntary because trial counsel did not adequately communicate with him concerning plea alternatives. With regard to ineffective assistance of counsel, Petitioner alleged that trial counsel was ineffective for failing to file pretrial motions for suppression of statements and physical evidence. Additionally, Petitioner alleged that these issues should have been raised on appeal.

The memorandum opinion filed by this Court on direct appeal from Petitioner's sentence did not elaborate on the factual basis for the guilty plea. *See id.* Additionally, the technical record on appeal herein does not contain the guilty plea transcript.[1] The record does, however, contain the presentence report. In the "Agency Statement" section of the report, it states that Petitioner was arrested at the home of Holly Hunter on outstanding warrants in Bedford County. It was during his arrest that the items used in the manufacture of methamphetamine were found. From the testimony at the hearing on the petition for post-conviction relief, we have gleaned that Petitioner and his co-defendant and then-girlfriend, Ms. Hunter, were indicted for methamphetamine related charges. The evidence supporting the indictments was seized from Ms. Hunter's residence. Ms. Hunter's trial counsel filed a motion to suppress the physical evidence and statements taken by the police. The trial court granted the motion and the State dismissed the charges against her by entering a nolle prosequi.

At the post-conviction hearing, Petitioner testified that he was represented by the Public Defender's Office for the plea agreement. He insisted that he was represented by several different attorneys and was not afforded the opportunity to speak with counsel at each of his multiple court appearances. In fact, Petitioner stated that one trial counsel wanted him to "hurry up and take an open plea before [the trial judge] retired" while the other trial counsel suggested that he "wait out the case." Petitioner explained that he was visited in jail by counsel approximately twice and that they never explained his options or

---

[1] Petitioner attached three, nonconsecutive pages from the guilty plea hearing to his petition for relief. One of the pages included a discussion of a portion of the facts leading to the indictment; one of the pages included a statement from Petitioner that even though he had not been able to talk to his counsel as much as he desired he was "ready to proceed with this"; and one of the pages included a partial discussion of Petitioner's past convictions and long-term drug use.

possible outcomes. Petitioner conceded that he had prior experience with the criminal justice system but argued that all of his prior offenses were misdemeanors. Petitioner admitted testifying at the plea hearing that although he believed he had not had adequate discussion with counsel prior to the plea, he desired to enter the plea without further discussion with counsel. Petitioner explained that he was frustrated with counsel and did not see the benefit of any further discussion about the plea agreement.

Petitioner testified that Ms. Hunter maintained contact with him during the pendency of the case. At the time of the arrest, Petitioner and Ms. Hunter had been a couple for six to eight months. He claimed prior to the incident he often stayed with Ms. Hunter and kept clothes and belongings at her house. Petitioner acknowledged that he did not have a key to Ms. Hunter's residence and still maintained his own residence at the time of his arrest.

Petitioner acknowledged that he filed a pro se motion prior to the plea in which he argued that he was not a resident of the house at which the police found the materials leading to the indictment. During the post-conviction phase, however, Petitioner contradicted this pro se motion by arguing that trial counsel should have filed a motion to suppress the evidence seized at the house. He admitted that he did not inform either trial counsel that he was living with his girlfriend but argued that they did not ask him where he was living. Petitioner also conceded that he considered his father's house his "home base" and that he receives his mail at his father's house.

Petitioner also admitted that he wrote a letter to the District Attorney in which he offered to testify against Ms. Hunter. The letter also claimed that Petitioner had spoken with his trial counsel about this possibility. Petitioner disputed that portion of the letter at the hearing on the post-conviction petition.

Petitioner conceded at the hearing that trial counsel discussed the facts of the case with him and that trial counsel informed him that he had thirty days to withdraw his guilty plea.

One of the attorneys that represented Petitioner at the plea hearing testified at the post-conviction hearing. Trial counsel had been practicing law since 1999 and had been employed in the Public Defender's Officer since that time, representing more than 1000 defendants and participating in approximately 70 trials. Trial counsel was assisted by co-counsel, a fellow employee of the Public Defender's Office. At the time of Petitioner's plea, co-counsel had worked for the Public Defender's office for seven or eight years. Co-counsel did not testify at the hearing.

Trial counsel recalled Ms. Hunter was a co-defendant in the case when the discovery materials were received. In the discovery materials was a list of items the

police recovered during their search of Ms. Hunter's residence. Trial counsel explained that he and co-counsel met with Petitioner and discussed the facts and the elements of the offense. There were notes in the file indicating that there was some discussion about whether a motion to suppress would be filed in Petitioner's case. Petitioner informed trial counsel he was not staying in the residence, so trial counsel concluded that Petitioner would not have standing to challenge the search of Ms. Hunter's residence.

Trial counsel testified that he and co-counsel visited Petitioner in jail on multiple occasions prior to the plea, even choosing to continue the matter several times in order to keep a close eye on developments with the co-defendant's case. Trial counsel explained that the results of the suppression hearing in the co-defendant's case would not be dispositive of Petitioner's case because counsel concluded that Petitioner lacked standing to challenge the search of the co-defendant's residence. Trial counsel stated that he and co-counsel discussed with Petitioner the possible penalty for a conviction. Trial counsel explained that he and co-counsel advised Petitioner to enter a plea before a particular judge because they believed Petitioner would receive a more favorable sentence. Trial counsel noted that the sentence Petitioner ultimately received from the trial court was one and a half years less than the sentence offered by the State.

The post-conviction court entered a written order denying relief. The post-conviction court determined Petitioner failed to prove by clear and convincing evidence that his guilty plea was not made voluntarily, understandingly, and knowingly. Specifically, the post-conviction court noted that the transcript did not appear in its entirety in the record. Instead, Petitioner relied on a portion of the transcript during which he responded "No" after being asked if he had spoken with his attorneys prior to the entry of the plea. The trial court gave Petitioner additional time to consult with counsel. Petitioner declined and expressed his desire to move forward with the plea. The post-conviction court also noted that Petitioner admitted signing the guilty plea form. As a result of the evidence presented at the hearing, the post-conviction court determined that Petitioner's guilty plea was knowingly and voluntarily entered.

With regard to ineffective assistance of counsel, the post-conviction court accredited the testimony of trial counsel, finding Petitioner failed to prove prejudice as a result of the actions of his trial counsel. Petitioner's testimony was deemed replete with "inconsistency" and "contradict[ions]." The post-conviction court noted the numerous court appearances which occurred prior to the entry of the plea and found that it was "impossible to believe that these matters were not discussed over this length of time." The post-conviction court found that any delay in the case resulted from the insistence of Petitioner rather than the Public Defender's Office. The post-conviction court also determined that Petitioner falsely alleged in his pro se petition that he was never informed that he could withdraw his plea, finding it was "obvious from the chronology of the case that [ ] Petitioner and counsel discussed withdrawing his guilty plea long before he

claimed otherwise in his . . . petition, which came three (3) months after [the Court of Criminal Appeals] affirmed the sentence imposed." Finally, the post-conviction court found that Petitioner failed to show prejudice because the evidence at the hearing was "not sufficient to show that there was an illegal search or that had suppression been granted, the outcome of a trial would necessarily have been affected."

It is from this order that Petitioner appeals.

*Analysis*

Petitioner argues on appeal that the post-conviction court improperly concluded that his guilty plea was knowingly and voluntarily entered. Additionally, he takes issue with the post-conviction court's conclusion that trial counsel was effective. Specifically, Petitioner points to trial counsels' failure to request suppression of the evidence and statements and failed in various ways to adequately communicate about the case. The State disagrees.

Initially, we note Petitioner has failed to include a transcript of the guilty plea hearing. It is the petitioner's duty to have prepared an adequate record in order to allow a meaningful review on appeal. Tenn. R. App. P. 24; *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *State v. Carey*, 914 S.W.2d 93, 97 (Tenn. Crim. App. 1995); *State v. Goodwin*, 909 S.W.2d 35, 43 (Tenn. Crim. App. 1995); *State v. Banes*, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). Thus, the issue is ordinarily deemed waived by the failure to include the transcript. However, if the record is adequate for meaningful review, "the appellate court may review the merits . . . with a presumption that the missing transcript would support the ruling of the trial court." *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012); *see also Christopher Evonne Rodriquez v. State*, No. M2012-01036-CCA-R3-PC, 2013 WL 1788557, at *4 (Tenn. Crim. App. Apr. 25, 2013), *no perm. app. filed*. The record on appeal includes a transcript of the evidentiary hearing on the petition for post-conviction relief, several pages of the plea submission hearing, and the judgment of conviction, and we find that the record is adequate for our review. *See id.* (citing *State v. Monroe Mangium*, No. W2012-00315-CCA-R3-PC, 2013 WL 167202 (Tenn. Crim. App. Jan. 15, 2013), *perm. app. denied* (Tenn. June 19, 2013)).

Moving on to the issues presented on appeal, we repeat here the familiar law outlining the circumstances under which a petitioner may receive post-conviction relief. Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156

(Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Both the Sixth Amendment to the Constitution of the United States and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). A defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting *Goad*, 938 S.W.2d at 369). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Id*. In the context of a guilty plea, the specific inquiry is whether "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Calvert v. State*, 342 S.W.3d 477, 486 (Tenn. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Whether a petitioner has been denied the effective assistance of counsel presents a mixed question of law and fact. *Burns*, 6 S.W.3d at 461. This Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

Once a defendant enters a guilty plea, the effectiveness of counsel is only relevant to the extent that it affects the voluntariness of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). "To pass constitutional muster . . . a guilty plea must be entered knowingly, voluntarily, and intelligently." *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010) (citations omitted). "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969)). "[T]he standard of inquiry is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Ward*, 315 S.W.3d at 465 (citation and internal quotation marks omitted). "If the accused is to make a 'voluntary and intelligent choice among the alternative courses of action' available to him, counsel must advise the accused, among other things, of the choices that are available to him as well as the probable outcome of these choices. *Parham v. State*, 885 S.W.2d 375, 384 (Tenn. Crim. App. 1994) (footnotes omitted). When assessing the validity of a guilty plea, a court must look at the totality of the circumstances, including such factors as:

the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Powers v. State*, 942 S.W.2d 551, 556 (Tenn. 1996) (quoting *Blankenship*, 858 S.W.2d at 904).

We have no difficulty concluding from the record presented on appeal that Petitioner failed to demonstrate that, but for the alleged deficiencies of counsel, he would have rejected the plea agreement and insisted upon a trial. Petitioner did not present any testimony at the hearing to show that he would have insisted upon proceeding to trial. Moreover, the post-conviction court found Petitioner's testimony with regard to the entire case to be less than credible, noting the multiple inconsistencies in the testimony. Petitioner conceded that he had prior experience with the criminal justice system. Additionally, although he claimed he was not apprised of the contents and effect of the plea agreement and the trial court offered additional time to discuss the plea with counsel, Petitioner expressed his desire to enter the plea without further discussion. Finally, Petitioner conceded at the post-conviction hearing that trial counsel had both discussed the facts of the case with him and that trial counsel informed him that he had thirty days to withdraw his guilty plea. Petitioner failed to show that the plea was unknowing and involuntary.

Petitioner failed to show by clear and convincing evidence that trial counsel's performance in association with the guilty plea was deficient or that he was prejudiced by the alleged deficiencies. Likewise, with regard to trial counsel's alleged ineffectiveness for failure to file a motion to suppress, Petitioner admitted that he had no possessory rights in the residence searched that would have given him standing to do so. It is fundamental that one challenging the reasonableness of a search or seizure has the burden of establishing a legitimate expectation of privacy in the place or property which is searched. *State v. Roberge*, 642 S.W.2d 716, 718 (Tenn. 1982) (citing *Rawlings v. Kentucky*, 448 U.S. 98 (1980)). Trial counsel testified that it was determined Petitioner lacked standing to challenge the search. The post-conviction court accredited this testimony. The record supports this finding, and the post-conviction court's credibility determinations cannot be reviewed on appeal by this Court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). Petitioner is not entitled to relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the post-conviction court.


_____
TIMOTHY L. EASTER, JUDGE